James E. LAWS, Jr., Plaintiff,

v.

Mary Sue TERRY, Defendant.

No. 3:92–CV–547.

United States District Court,
E.D. Virginia,
Richmond Division.

Oct. 28, 1992.

Vickey Ann Verwey, David R. Simonsen, Jr., Richmond, Va., for plaintiff.

Neil Anthony Gordon McPhie, Paul Joseph Forch, Guy Winston Horsley, Jr., Office of the Atty. Gen., Rebecca Claire Guthrie, Atty. Gen. of Virginia, Richmond, Va., for defendant.

## MEMORANDUM

MERHIGE, District Judge.

This matter is before the Court on the Defendant's motion to dismiss under Rule 12(b)(6) F.R.C.P. The Plaintiff is a former employee of the Office of the Attorney General for the Commonwealth of Virginia, and he is suing the Attorney General in her official and individual capacities for an alleged violation of 42 U.S.C. § 1983.

The facts in this matter are not in dispute. The Plaintiff, James E. Laws, Jr., was employed as a Claims Representative by the Office of the Attorney General ("OAG") from October 15, 1986 to July 6, 1992. On June 8, 1992, the City Council of the City of Richmond appointed the Plaintiff to the School Board for the Richmond City Schools. The Defendant, the Attorney General of the Commonwealth of Virginia and the chief executive of the Department of Laws and the OAG, informed the Plaintiff that he must either decline the appointment to the School Board or leave his position with the OAG.

The Defendant accepted the position on the School Board and was sworn in as a member on June 10, 1992. On July 2, 1992, the Defendant gave the Plaintiff the option to resign from his position on the School Board or resign from his position with the OAG. The Defendant refused to exercise either option. On July 6, 1992, the Defendant discharged the Plaintiff from employment with the OAG for his failure to resign from the School Board.

The Plaintiff's section 1983 claim alleges two constitutional violations. The Plaintiff claims that the Attorney General's restriction on his ability to serve on the School Board while employed with the OAG violated his First Amendment rights to free speech, expression, and association. The Plaintiff also claims that since other employees of the OAG maintained outside employment and memberships on various private and public boards, including his own employment as a substitute teacher, his discharge for school board service was a violation of the Equal Protection Clause.

The Defendant's motion to dismiss challenges the two constitutional claims, and in the alternative, asserts the defense of "good faith" qualified immunity. Thus, the Court deems the following issues must be considered in ruling on the instant motions:

1.) Whether the Plaintiff's service on the Richmond City School board is a protected form of speech or association under the First Amendment;

2.) Whether the OAG's policy to prohibit duel employment by the School Board and the OAG is supported by a rational basis; and

3.) Whether the challenged conduct by the Attorney General violated a clearly established right of the Plaintiff in a manner

354

that a reasonable person would have known.

The Plaintiff cites the proposition that the OAG can not condition employment on a basis that infringes a constitutionally protected right. *Connick v. Meyers*, 461 U.S. 138, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983). This assertion is true and advances the ultimate issue of whether service on the school board is a constitutionally protected form of expression. The Plaintiff contends that his position on the school board is his vehicle for the expression and advancement of his opinions on public education. The Plaintiff argues that different people may choose different methods of expressing their views on public education; some may write letters to the Editor, some may speak to the City Council, and some may choose to speak to the city by serving on the school board.

The Defendant claims that school board service is not protected speech, regardless of whether it was the Plaintiff's chosen vehicle of expression. The Defendant notes that school board service might amplify his voice in the policy making process, but the Plaintiff has no right to hold public office as the chosen means to his expressive ends. *Minnesota Board of Community Colleges v. Knight*, 465 U.S. 271, 104 S.Ct. 1058, 79 L.Ed.2d 299 (1984). The Defendant maintains that the OAG has content neutral positions on dual employment. The prohibition against dual employment has the legitimate basis of avoiding potential conflicts of interests or loyalties created by employment with two public entities.

Both parties support their First Amendment argument with a different set of analogies. The Plaintiff uses a line of cases that attaches constitutional protection to the right of a individual to choose their associations. *Connick v. Myers*, 461 U.S. 138, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983); *Hatcher v. Board of Education*, 809 F.2d 1546 (11th Cir.1987); *Clark v. Library of Congress*, 750 F.2d 89 (D.C.Cir.1984). The Defendant uses a line of cases holding there is no constitutional right to simultaneously hold two public positions. *Clem-*

*ents v. Fashing*, 457 U.S. 957, 102 S.Ct. 2836, 73 L.Ed.2d 508 (1982); *Joyner v. Mofford*, 706 F.2d 1523 (9th Cir.1983). While both of these propositions are true, and both provide legitimate analogies, neither is closer to being directly on point than the other. There is support for both arguments, and a difficult decision on the First Amendment issue eventually will have to be made.

 The next issue to consider is whether the Plaintiff's discharge violated his Equal Protection rights. The Plaintiff claims that since other employees of the OAG are allowed to perform other forms of public and private service, the Defendant's prohibition of his service on the school board deprived him of equal protection. The weakness in this claim is the extremely low standard of review for this Court. In reviewing Equal Protection claims where there is no suspect class or fundamental right the policy should be sustained unless the Court can conceive of no rational basis for it. The trial court is not even required to determine the explicit purpose of the challenged act. It is sufficient that the trial court could conceive of any set of facts supporting the reasonableness of the policy. *Walsh v. Commonwealth of Massachusetts*, 618 F.2d 156, 159 (1st Cir.1980). The potential conflict of interests is one of many possible rational bases.

 The final issue for consideration is whether the Defendant is entitled to a "good faith" qualified immunity from either or both of the above alleged violations. In addition to injunctive relief, the Plaintiff seeks compensatory and punitive damages against Terry totalling $500,000. Governmental officials sued for damages attributable to alleged constitutional violations are entitled to the defense of qualified "good faith" immunity if their challenged conduct does not violate a clearly established right in a manner that a reasonable person would have known. *Davis v. Scherer*, 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984). The Fourth Circuit's most recent decision in this area furthers this proposition and holds that officials are not liable for bad guesses in gray areas and that the

manner in which the right applies must be apparent. *Maciariello v. Sumner*, 973 F.2d 295 (4th Cir.1992).

■ Even in a light most favorable to the Plaintiff, the two alleged violations occur in "gray areas" of the law. For this reason, the Defendant should be allowed a qualified immunity defense from damages. The remaining question then becomes whether the Plaintiff has stated a claim for which injunctive relief can be granted on either of the two constitutional claims.

The Equal Protection claim seems meritless. All the Court has to do is to conceive of a possible rational basis for the OAG's policy. The Court's reference to a potential conflict of interest is sufficient. The First Amendment claim is a different story. A valid argument can be made on both sides of the issue.

Since this potential violation of the Plaintiff's First Amendment right is uncertain, it would be improper to dismiss the complaint as insufficient. It may be appropriate for summary judgment at a later date, however, the Plaintiff should be allowed to proceed with his section 1983 claim for injunctive relief based on an alleged violation of his First Amendment rights.